SHAWN N. ANDERSON
Acting United States Attorney
JAMES J. BENEDETTO
Assistant United States Attorney
P.O. Box 500377
Horiguchi Building, Third Floor
Saipan, MP 96950
TEL:   (670) 236-2980
FAX:   (670) 236-2985

Attorneys for the United States of America

F I L E D
Clerk
District Court

OCT 13 2017

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>XIUFANG QI,<br><br>Defendant. | Case 1:17-cr-00011<br><br>**AMENDED<br>PLEA AGREEMENT** |

Plaintiff, United States of America, by and through Shawn N. Anderson, Acting United States Attorney for the Districts of Guam and the Northern Mariana Islands, and James J. Benedetto, Assistant United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Defendant XIUFANG QI, and Defendant's counsel, Steven P. Pixley, agree to the following Plea Agreement:

**1.     Guilty Plea and Maximum Statutory Penalties:**

Defendant XIUFANG QI agrees to enter a guilty plea to Count Two of the Indictment, charging her with Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II), and punishable by 8 U.S.C. § 1324(a)(1)(B)(ii). Defendant understands that Harboring Illegal Aliens

is a Class D felony[1] which carries a maximum penalty of not more than five (5) years of imprisonment; a fine of not more than $250,000[2]; not more than a 5-year term of probation[3]; and a $100.00 special assessment.[4]  In addition to these maximum penalties, any violation of an order on conditions of probation could lead to additional consequences as set forth in 18 U.S.C. § 3565.

In exchange for Defendant's guilty plea, the government will recommend a sentence at the low end of the applicable guidelines range.  Imposition of a term of probation, any fine, restitution, conditions of probation, and other aspects of the sentence are open to the Court, in its discretion.

## 2.    Effect on Immigration Status:

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Upon information and belief, Defendant is not a citizen of the United States.  Defendant is on notice that under federal law many crimes are removable offenses.  Removal and other immigration consequences are the subjects of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney and the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status.  By Defendant's signature below, Defendant affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.  Defendant understands that removal and other

---

[1] 18 U.S.C. § 3559(a)(4).
[2] 18 U.S.C. § 3571(b)(3).
[3] 18 U.S.C. § 3561(c)(1).
[4] 18 U.S.C. § 3013(a)(2)(A).

unanticipated collateral consequences will not serve as a ground for withdrawing Defendant's guilty plea.

**3.** **The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is generally a matter that is solely within the discretion of the Court. Defendant understands that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose a sentence as recommended by the government, or may choose not to follow the government's recommendation, and will be free to sentence Defendant to any term of incarceration up to the statutory maximum, in the Court's discretion. Defendant understands that if the Court chooses not to sentence in accordance with the government's recommendation, Defendant will not be given the option to withdraw Defendant's guilty plea.[5]

**4.** **Waiver of Constitutional Rights:**

Defendant XIUFANG QI understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands

---

[5] Fed. R. Crim. P. 11(c)(1)(B).

Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

**5.    Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1), the United States would have to prove the following elements beyond a reasonable doubt:

(a).    First, that ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; and SUN, Yongbo were aliens;

(b).    Second, that ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; and SUN, Yongbo entered or remained in the United States in violation of law;

(c)    Third, that the Defendant knew that ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; and SUN, Yongbo had entered or remained in the United States in violation of law;

(d)    Fourth, that the Defendant concealed, harbored, or shielded ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; and SUN, Yongbo from detection, or attempted to conceal, harbor or shield ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; and SUN, Yongbo from detection, for the purpose of avoiding their detection by immigration authorities; and

(e)    Fifth, that Defendant aided and abetted the commission of the preceding acts.

**6.    Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts

constitute an adequate factual basis for XIUFANG QI's guilty plea:

(a). Between on or about February 7, 2017, and March 22, 2017, in the District of the Northern Mariana Islands, Defendant XIUFANG QI supervised a large number of aliens working on the Best Sunshine Casino and resort hotel construction site.

(b) Among the aliens supervised by Defendant XIUFANG QI were over 100 aliens— including ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; and SUN, Yongbo—who had unlawfully remained in the United States after their conditional parole had expired.

(c) Aliens admitted as tourists under the conditional parole program are not legally authorized to work, even during the period of their conditional parole.

(d) Defendant XIUFANG QI knew that ZHANG, Chunsheng; LI, Wei; WANG, Chengxiang; SUN, Yongbo and many other workers under her supervision had entered or remained in the United States in violation of law, since those workers were referred to in common parlance and in company documents as *"hei gong,"* (literally "black worker"), or undocumented workers.

(e) Despite her knowledge that the alien workers had entered or remained unlawfully in the United States, *i.e.*, their status as undocumented or illegal workers, Defendant XIUFANG QI aided and abetted the harboring of the illegal workers by supervising them, *i.e.*, providing employment for them.

(f) Despite her knowledge that the alien workers had entered or remained unlawfully in the United States, *i.e.*, their status as undocumented or illegal workers, Defendant XIUFANG QI aided and abetted the concealment of the illegal workers by advising them not to come to the worksite when government

inspectors might be present.

(g) Defendant XIUFANG QI engaged in the above-described conduct with the intent of avoiding the illegal workers' detection by immigration authorities; and

(h) Defendant XIUFANG QI received bonuses for meeting production quotas achieved through the use of the illegal workers.

This statement of facts is made for the limited purpose of supporting Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

**7.     The United States Agrees:**

(a).     <u>Length of Imprisonment</u>:

The United States agrees that Defendant will receive a sentence at the low end of the applicable guidelines range.

(b).     <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.

**8.     United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's

applicable sentencing guideline range at the time of sentencing.  In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

(a).    Base Offense Level:

The parties both expect Defendant's base offense level to be **12**. *See* U.S.S.G. § 2L1.1(a)(3).

(b).    Specific Offense Characteristics:

The parties stipulate that the enhancements at 2L1.1(b)(2)(A), 2L1.1(b)(6), and 3B1.1(b) apply, and that **9** points be added.  Although the enhancement appearing at 2L1.1(b)(2)(C) would normally apply, since Defendant harbored over 100 workers, the parties stipulate that the enhancement will not apply in determining Defendant's applicable sentencing guidelines range.

(c).    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; and does not commit any obstructive conduct, the United States will not oppose Defendant receiving the maximum reduction available under U.S.S.G. § 3E1.1.

(d).    Criminal History:

Upon information and belief, Defendant has no criminal history points.  If no other information is discovered, Defendant's criminal history category would be **I**.

(e).    Guideline Range:

A total offense level of **18**, with a criminal history category **I**, leads to an advisory guideline range of **twenty-seven (27) to thirty-three (33) months**.

**9.    Criminal Fine:**

The imposition of a fine, if any, is left to the sound discretion of the Court.

Plea Agreement - Page **7** of **12**

## 10.    Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of the Northern Mariana Islands, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

## 11.    Cooperation and Substantial Assistance:

The United States and the Defendant agree that Defendant will be given an opportunity to provide "substantial assistance," that is, information and assistance in the investigation and prosecution of others.  If Defendant wishes to provide substantial assistance, Defendant must meet with federal and state law enforcement agents to assist them in obtaining information that would form the basis of a motion for correction or reduction of sentence to be filed pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  Defendant understands that whether any such information amounts to substantial assistance is a determination left to the United States Attorney's Office.  If Defendant wishes to provide substantial assistance:

(a).    Defendant must provide information and assistance in the federal or state investigation and prosecution of others who have the same as or greater involvement than Defendant's involvement in violations of the law.

(b).    Defendant understands and agrees to participate in full debriefings by federal and local investigative agencies about Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies.  Defendant agrees to provide complete, accurate, and truthful information during the debriefings.  Such debriefings may involve the use of a polygraph, if requested by the agencies.  It is understood that Defendant may have an attorney present at the debriefings.  Defendant also agrees to participate in any future court proceeding involving any

Plea Agreement - Page **8** of **12**

named or unnamed co-conspirators and any other persons involved in criminal activity, by testifying completely and truthfully. Such court proceedings include grand jury proceedings, trials, and sentencing hearings.

(c). Defendant understands this agreement does not protect Defendant from prosecution for perjury, obstruction of justice, or any other offense should Defendant commit any crime during Defendant's cooperation under this agreement.

(d). Defendant understands further that if the United States determines that Defendant has provided "substantial assistance" and a motion is made, the Court will be free to impose any sentence, even one below the applicable Guidelines sentencing range and below any statutory minimum. If a "substantial assistance" motion is filed, both the United States and Defendant will be free to make a specific recommendation with respect to any correction or reduction of sentence. It is understood that the United States will inform the sentencing judge about the timing and extent of Defendant's cooperation.

(e). Defendant understands that, if the United States files a motion indicating Defendant has provided "substantial assistance," the appropriate reduction shall be determined by the Court for reasons including consideration of the following: (1) the Court's evaluation of the significance and usefulness of Defendant's assistance, taking into consideration the United States' evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by Defendant; (3) the nature and extent of Defendant's assistance; (4) any injury suffered, or any danger or risk of injury to Defendant or Defendant's family resulting from Defendant's assistance; and (5) the timeliness of Defendant's assistance. *See* U.S.S.G. § 5K1.1(a)(1)-(5).

**12.**   **Appeal Rights:**

Plea Agreement - Page **9** of **12**

Defendant understands that Defendant has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives Defendant's right to appeal Defendant's conviction. Defendant further expressly waives Defendant's right to file any post-conviction motion attacking Defendant's conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel, or one based on information not now known by Defendant and which, in the exercise of due diligence, could not have been known by Defendant at the time the Court imposes the sentence. Defendant also expressly waives Defendant's right to appeal any sentence imposed in this case, unless the sentence imposed exceeds the statutory maximum of five (5) years.

13. **Consequences of Breach**

Defendant agrees that if Defendant is deemed by the Court to be in material breach of any of her obligations under this agreement: (a) Defendant shall not be entitled to withdraw Defendant's plea of guilty made in connection with this Plea Agreement; (b) the United States may, in its discretion and at its option, declare null and void any of its obligations under this Agreement; and (c) the United States may recommend whatever sentence it may deem appropriate. The issue of whether Defendant is in material breach of the Agreement shall be determined by the Court in a proceeding at which the United States shall be required to establish breach by a preponderance of the evidence. Defendant understands and agrees that the Federal Rules of Evidence shall not apply at any such hearing, and that the United States may rely at the hearing on any statements or evidence Defendant may have given during cooperation with law enforcement.

14. **Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire

Plea Agreement - Page **10** of **12**

Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Plea Agreement is effective when signed by all parties and cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands.

SHAWN N. ANDERSON
Acting United States Attorney

By: _____          _10/13/17_____
JAMES J. BENEDETTO                              Date
Assistant U.S. Attorney

## Defendant's Certification

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to

Plea Agreement - Page **11** of **12**

plead guilty because I am guilty.

I further understand that if I am not a citizen of the United States, my guilty plea and conviction may affect my immigration status, and that the United States Attorney's Office has no control over that decision. My attorney has told me this and I still want to plead guilty.



XIUFANG QI                                    Date    10 / 13 /17
Defendant

## Attorney's Certification

I have read the Plea Agreement and have discussed the contents of the agreement with my client. I am of the opinion that the Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I am not aware of any reason why the Court could not accept the defendant's plea of guilty.

STEVEN P. PIXLEY                              Date    10/13/17
Attorney for Defendant XIUFANG QI

## Interpreter's Certification

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language which she is conversant. If questions have arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions. Defendant has indicated to me that she understands each part of this Agreement.

Mike Yang                                     10/13/17
Interpreter for Defendant XIUFANG QI          Date

Plea Agreement - Page 12 of 12