F I L E D
Clerk
District Court

JUN 01 2018

for the Northern Mariana Islands
By_____
(Deputy Clerk)

MINUTES OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

1:17-cr-00011-3                                    June 1, 2018
                                                   9:15 a.m.

**UNITED STATES OF AMERICA  -v- XIUFANG QI**

PRESENT:  HON. RAMONA V. MANGLONA, CHIEF JUDGE PRESIDING
          PATRICIA GARSHAK, COURT REPORTER
          TINA MATSUNAGA, COURTROOM DEPUTY
          JAMES BENEDETTO, ASSISTANT U.S. ATTORNEY
          JOE MCDOULETTE, SPECIAL AGENT
          STEVEN PIXLEY, PRIVATE COUNSEL FOR DEFENDANT
          XIUFANG QI, DEFENDANT NO. 3
          MONIQUE KRAMER, INTERPRETER FOR DEFENDANT
          MARGARITA WONENBERG, U.S. PROBATION OFFICER

PROCEEDINGS:    SENTENCING

Assistant United States Attorney James Benedetto appeared on behalf of the Government.  Also seated at Government's table was Special Agent Joe McDoulette, Federal Bureau of Investigation.  Defendant Xiufang Qi appeared in custody with private counsel, Steven Pixley, and Monique Kramer, Interpreter.  Margarita Wonenberg, United States Probation Officer, was present in court.

Monique Kramer was sworn as interpreter for the Defendant.

Court stated the procedural posture of the case.

At 9:20 a.m., Attorney Pixley informed the Court regarding Defendant's objection to the presentence investigation report that she received recruitment fees.  Government conceded that they did not have any evidence that the Defendant received any funds from these individuals prior to arriving in Saipan.  Court, after hearing from counsel, overruled the objection as untimely.  Attorney Pixley withdrew the objection.  Government had no objections to the presentence investigation report.

Attorney Pixley apprised the Court that defense would be presenting a witness.

Officer Wonenberg noted the only correction to the presentence report was the amount of time served and the Defendant would have a credit of 239 days, as of today.

Court stated the final say would come from the Bureau of Prisons.  Court corrected the year to 2017 in page 3, paragraphs 1, 2, and 3.  Court clarified paragraph 5, no changes were made.  Court stated it already modified paragraph 13.

Court, after there being no further factual objections to the presentence report, adopted the final presentence investigation reports in its entirety.  No objection by the parties.  Clerk to file the report, and the addendum, under seal, and that the report, and the addendum, be made available if the judgment is appealed.  The Probation Officer's recommendation shall also be placed under seal.

Court stated it would be relying on the 2016 guidelines manual that became effective on November 1, 2016.

At 9:35 a.m., Court went over the calculation under the advisory guidelines with the parties.

At 9:47 a.m., Attorney Benedetto moved for a reduction as stated in the Government's Memorandum in Aid of Sentencing, ECF No. [90], filed under seal.  Defendant had no objection.  Attorney Benedetto recommended the Defendant be sentenced to serve an imprisonment term of 15 months.

Attorney Pixley called Defendant's **1st Witness** to the stand:
**Wei, Shi Miao**.  DX.  CX.  RDX.  RCX.

Monique Kramer interpreted for the witness.  Attorney Pixley conducted the direct examination of the witness and moved to admit Defendant's Exhibits A1 through A5 into evidence for the purposes of this hearing.  No objection from the Government.  Court admitted the exhibits into evidence.  At 10:37 a.m.,  Attorney Benedetto conducted the cross-examination of the witness.  At 10:52 a.m., Attorney Pixley conducted the redirect examination of the witness.  At 10:55 a.m., Attorney Benedetto conducted the recross-examination of the witness.  At 10:57 a.m., Attorney Pixley objected.  Court sustained the objection.  Court excused the witness at 10:58 a.m.

Attorney Pixley argued on behalf of the Defendant and recommended she be sentenced to serve a term of imprisonment of 8 months.

At 11:15 a.m., Court asked if the Defendant had anything to say before sentence is pronounced.  Defendant gave her allocution.  Court then addressed the Defendant.

Pursuant to the Sentencing Reform Act of 1984, and considering provisions found in 18 U.S.C. § 3553(a), it is the judgment of the Court that the Defendant, **XIUFANG QI**, is hereby sentenced to serve a term of imprisonment of time served (239 days).  Upon release from imprisonment, Defendant shall submit to a term of supervised release of 1 year and comply with conditions as adopted by this Court.  Accordingly, pursuant to 18

U.S.C. § 3583, the Mandatory Conditions are imposed immediately following her release from imprisonment:

1.  Defendant must not commit any federal, state, and local crimes;

2.  Defendant must not unlawfully possess a controlled substance.  The drug testing condition is suspended, based on the Court's determination that the Defendant does pose a low risk of future substance abuse; and,

3.  Defendant must cooperate in the collection of DNA as directed by the Probation Officer.

As part of Defendant's supervised release, she must comply with the Standard Conditions of supervision.  These conditions are imposed because they establish the basic expectations for her behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the Court about, and bring about improvements in her conduct and condition.

As a further condition of supervised release, she must comply with Special Conditions of Supervision immediately upon release from imprisonment.

1.  Defendant must report to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. § 3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. § 1101.  As a further condition of supervised release, if deported, she must remain outside the United States and not re-enter without the permission of the Attorney General.  If deportation does not occur and she is released pending further immigration proceedings, she must immediately report to the U.S. Probation Office to begin her term of supervised release;

2.  Defendant must pay a Fine of $4,000, which shall be paid from the $10,000 cash bail posted; and,

3.  Defendant must pay a Special Assessment Fee of $100, which shall be paid from the $10,000 cash bail posted.

Defendant was advised of her right to appeal the sentence in this case, including the right to proceed in forma pauperis on appeal, and that she had fourteen days in which to do so.  Further, the Defendant was advised of her right to an attorney for appeal and that the Court will appoint an attorney if she could not afford one.

Government moved to dismiss the complaint in Criminal Case No. 1:17-cr-00009 and requested the fine be taken from the bail posted and the remaining amount be exonerated.  Court ordered the complaint be dismissed with prejudice in Criminal Case No. 1:17-cr-00009 and exonerated all bail terms.  Court ordered the fine and assessment fee

be taken from the $10,000 cash bail posted and the balance of $5,900.00 be paid to the Law Office of Steven Pixley.  Officer Wonenberg stated she would release the Defendant's passport to the Enforcement and Removal Operations Office. Attorney Benedetto informed the Court that $11,000 was seized from the Defendant at the airport and they will be processing the return of the money and this will be given to Law Office of Steven Pixley, as well.

Court remanded the Defendant to the custody of the U.S. Marshal for the processing of her release papers.

Adjourned at 11:55 a.m.

*/s/* Tina Matsunaga, Courtroom Deputy

---

### CERTIFICATE OF OFFICIAL COURT RECORDER

I, Tina Matsunaga, certify that I am a duly appointed Courtroom Deputy for the United States District Court for the Northern Mariana Islands, and I was present in the courtroom of this court on June 1, 2018.  On this date during the regular course of my profession, I made electronic sound recording(s) of the proceedings, for the above entitled case.  I have played back the recording and certify that it is a true and correct record of the proceedings, that is sufficiently intelligible when played on the FTR Touch, that it can be transcribed without undue difficulty, and that I have filed the original recording with the Clerk of Court, as required by 28 U.S.C. § 753(b).

---